Eileen J. DOWNING, and William L. Downing, Plaintiffs,

v.

PAPA JOHN'S USA, INC. and Papa John's International, Inc., Defendants.

Civil Action No. 2:12cv422.

United States District Court, E.D. Virginia, Norfolk Division.

May 15, 2013.

Christopher Colt North, Newport News, VA, for Plaintiffs.

William L. Downing, Newport News, VA, pro se.

Jason Emmanuel Manning, John C. Lynch, Troutman Sanders LLP, Virginia Beach, VA, for Defendants.

## MEMORANDUM ORDER

MARK S. DAVIS, District Judge.

This matter is before the Court on Defendants' motion for summary judgment. The dispute in this case is best summarized as whether Plaintiffs, who are married, consented to receive promotional text messages while creating a customer account on Defendants' website. Absent such consent, it appears that the numerous text messages that Defendants sent to Plaintiffs' cell phone were in violation of the Telephone Consumer Protection Act of 1991. After consideration of the briefs and record, Defendants' motion for summary judgment is **DENIED.**

Defendants first argue in their motion that, regardless of how the factual disputes are resolved in this case, Defendants should prevail as a matter of law because Plaintiffs admit that they voluntarily provided their cell phone number to Defendants when filling out an online registration form. Defendants cite several cases indicating that providing a cell phone number is alone sufficient to establish consent to receive text messages. *See, e.g., Pinkard v. Wal–Mart Stores, Inc.,* No. 3:12cv2902, 2012 WL 5511039, at *3 (N.D.Ala. Nov. 9, 2012) (quoting *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 7 FCC Rcd. 8752, 8769 ¶ 31 (Oct. 16, 1992)) (" '[P]ersons who knowingly release

their phone number have in effect given their invitation or permission to be called at the number which they have given, *absent instructions to the contrary.*' ") (emphasis added). Although such legal argument might prevail on different facts, here, it is undisputed that Defendants' website provides a question that *specifically* asks whether a customer consents to receiving promotional texts. Accordingly, if Plaintiffs version of events is assumed, their decision *not* to elect to receive promotional texts constituted an "instruction to the contrary" informing Defendants not to send promotional texts.[1] Accordingly, summary judgment is not appropriate based on Defendants' first theory.

Defendants next argue that summary judgment is appropriate because Plaintiffs' evidence is insufficient to create a genuine issue of fact as it is based on mere speculation that Plaintiffs did not check the box on the online registration form electing to receive text messages. *See* Fed.R.Civ.P. 56(a) (indicating that summary judgment is appropriate when a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). However, as set forth below, the Court finds that Plaintiffs have provided sufficient circumstantial evidence to support their assertion that they never elected to receive promotional text messages such that it is not appropriate to resolve this matter on summary judgment.

Specifically, Plaintiffs advance evidence indicating that Defendants engage in the practice of sending "opt in" messages to Verizon Wireless subscribers (like Plain-

---

1. Defendants' 30(b)(6) designee stated in his deposition that the "checkbox" on the registration form is the equivalent of asking "Do you want us to send you promotional messages *or not*?" ECF No. 45–5 at 14 (emphasis added). The Court agrees with such characterization, and further finds that the general public would reasonably interpret such question as "a simple 'yes' or 'no'," *id.,* with a "no" response being the equivalent of a direct instruction to *not* send promotional texts.

tiffs) that elect to receive promotional texts. Plaintiffs also demonstrated through documentary evidence that Plaintiffs never received an "opt in" text in either July of 2009, when they purportedly opted in, or in October of 2009, when they actually began receiving promotional text messages from Defendants. Defendants respond to such claim by asserting in their reply brief that Defendants did not begin the practice of sending "opt in" texts until late 2010. However, the reply brief fails to cite to any *evidence* in the record to support such factual assertion. *See Midland Mortgage Corp. v. Wells Fargo Bank, N.A.*, 926 F.Supp.2d. 780, 793, 2013 WL 681849 at *10 (D.S.C. Feb. 25, 2013) (indicating that "statements set forth in [a party's] brief, without supporting evidence" are generally insufficient to support, or oppose, a motion for summary judgment).

Plaintiffs also advance evidence indicating that Defendants sent promotional text messages to their "opted in" text subscribers prior to October 13, 2009, and further demonstrate that Plaintiffs did not receive a single promotional text from Defendants between July 17, 2009, and October 13, 2009. Defendants do not appear to respond to such facts (such as by highlighting evidence indicating that Defendants sent no promotional texts to opted-in customers during such time frame). Accordingly, viewing the evidence in Plaintiffs' favor, as is required at the summary judgment stage, there appears to be reasonable inferences that can be drawn from the facts that would support Plaintiffs' claim that they did not receive texts from Defendants prior to October 13, 2009, because they did not affirmatively elect to receive texts during the online registration process.[2]

For the reasons stated above, Defendants' summary judgment motion is **DENIED**. The Court notes that it reaches such conclusion irrespective of the admissibility of exhibits 3 and 4 to Defendants' summary judgment motion.[3]

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

---

[2] The Court notes that its ruling herein is based on the very unique facts of this case, in that Plaintiffs were able to demonstrate *through their own phone records* that no text messages were received from Defendants between July 17, 2009 (the date they registered), and October 13, 2009 (the date Defendants admittedly transferred hundreds of thousands of customer records to a new marketing "platform"). Three days after Defendants transferred Plaintiffs' customer file to its new marketing platform, Plaintiffs received their first promotional text message from Defendants. Such facts demonstrate that, at this stage, Plaintiffs case is based on more than mere speculation that they did not check the box requesting text messages or mere speculation that there was a computer error associated with Defendants' transfer of Plaintiffs' customer record to a new marketing platform. Accordingly, it is appropriate to let this case proceed to trial to allow the factfinder to resolve such disputes. *Cf. Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (acknowledging a district court's discretion to deny summary judgment "where there is reason to believe that the better course would be to proceed to a full trial").

[3] Plaintiffs have filed a separate motion challenging the admissibility of such exhibits. ECF No. 51. Such motion is not yet ripe.